1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   BENJAMIN R. BARRON
4  Assistant United States Attorney
   Chief, Santa Ana Branch Office
5  MELISSA S. RABBANI (Cal. Bar No. 283993)
   Assistant United States Attorney
6        U.S. ATTORNEY'S OFFICE
7        411 West Fourth Street, Suite 8000
         Santa Ana, California 92701
8        Telephone:   (714) 338-3500
         Facsimile:   (714) 338-3561
9        E-mail:      melissa.rabbani@usdoj.gov

10 Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12                 UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                      SOUTHERN DIVISION

15 UNITED STATES OF AMERICA,          No. 8:24-cr-00016-JWH

16          Plaintiff,                PLEA AGREEMENT FOR DEFENDANT
                                      SIU KONG SIT
17               v.

18 SIU KONG SIT,

19          Defendant.

20

21      1.    This constitutes the plea agreement between defendant Siu

22 Kong Sit ("defendant") and the United States Attorney's Office for

23 the Central District of California (the "USAO") in the investigation

24 of defendant's possession of child pornography on February 27, 2023,

25 in Irvine, California, and defendant's use of hidden cameras to

26 produce, access, and possess child pornography between 2020 and 2023.

27 This agreement is limited to the USAO and cannot bind any other

28 federal, state, local, or foreign prosecuting, enforcement,

FILED
CLERK, U.S. DISTRICT COURT
02/08/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.  Defendant further agrees that defendant will not argue for or suggest that the Court should impose a sentence of less than 120 months' imprisonment.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree to and not oppose the imposition of the

2

1  following conditions of probation or supervised release:

2          i.   Defendant shall register as a sex offender, and

3  keep the registration current, in each jurisdiction where defendant

4  resides, where defendant is an employee, and where defendant is a

5  student, to the extent the registration procedures have been

6  established in each jurisdiction.  When registering for the first

7  time, defendant shall also register in the jurisdiction in which the

8  conviction occurred if different from defendant's jurisdiction of

9  residence.  Defendant shall provide proof of registration to the

10  Probation Officer within three days of defendant's placement on

11  probation/release from imprisonment.

12          ii.  Defendant shall participate in a psychological

13  counseling and/or psychiatric treatment and/or a sex offender

14  treatment program, which may include inpatient treatment upon order

15  of the Court, as approved and directed by the Probation Officer.

16  Defendant shall abide by all rules, requirements, and conditions of

17  such program, including submission to risk assessment evaluations and

18  physiological testing, such as polygraph and Abel testing, but the

19  defendant retains the right to invoke the Fifth Amendment.  The

20  Probation Officer shall disclose the presentence report and/or any

21  previous mental health evaluations or reports to the treatment

22  provider.

23          iii. As directed by the Probation Officer, and subject

24  to defendant's ability to pay as determined by the Probation Officer,

25  defendant shall pay all or part of the costs of treating defendant's

26  psychological/psychiatric disorder(s) to the aftercare contractor

27  during the period of community supervision, pursuant to 18 U.S.C.

28  § 3672.  Defendant shall provide payment and proof of payment as

3

1   directed by the Probation Officer.

2            iv.   Defendant shall not view or possess any
3   materials, including pictures, photographs, books, writings,
4   drawings, videos, or video games, depicting and/or describing child
5   pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit
6   conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  The
7   defendant shall not possess or view any materials such as videos,
8   magazines, photographs, computer images or other matter that depicts
9   "actual sexually explicit conduct" involving adults as defined by 18
10  U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from
11  possessing materials solely because they are necessary to, and used
12  for, a collateral attack, nor does it prohibit defendant from
13  possessing materials prepared and used for the purposes of
14  defendant's Court-mandated sex offender treatment, when defendant's
15  treatment provider or the probation officer has approved of
16  defendant's possession of the materials in advance.

17           v.    Defendant shall not associate or have verbal,
18  written, telephonic, or electronic communication with any person
19  under the age of 18, except: (a) in the presence of the parent or
20  legal guardian of said minor; and (b) on the condition that defendant
21  notifies said parent or legal guardian of defendant's conviction in
22  the instant offense/prior offense.  This provision does not encompass
23  persons under the age of 18, such as waiters, cashiers, ticket
24  vendors, etc., with whom defendant must interact in order to obtain
25  ordinary and usual commercial services.

26           vi.   Defendant shall not frequent, or loiter, within
27  100 feet of school yards, parks, public swimming pools, playgrounds,
28  youth centers, video arcade facilities, or other places primarily

1  used by persons under the age of 18.

2            vii. Defendant shall not affiliate with, own, control,

3  volunteer or be employed in any capacity by a business or

4  organization that causes defendant to regularly contact persons under

5  the age of 18.

6            viii.   Defendant shall not affiliate with, own,

7  control, or be employed in any capacity by a business whose principal

8  product is the production or selling of materials depicting or

9  describing "sexually explicit conduct," as defined at 18 U.S.C.

10  § 2256(2).

11           ix.  Defendant shall not own, use or have access to

12  the services of any commercial mail-receiving agency, nor shall

13  defendant open or maintain a post office box, without the prior

14  written approval of the Probation Officer.

15           x.   Defendant's employment shall be approved by the

16  Probation Officer, and any change in employment must be pre-approved

17  by the Probation Officer.  Defendant shall submit the name and

18  address of the proposed employer to the Probation Officer at least

19  ten days prior to any scheduled change.

20           xi.   Defendant shall not reside within direct view of

21  school yards, parks, public swimming pools, playgrounds, youth

22  centers, video arcade facilities, or other places primarily used by

23  persons under the age of 18.  Defendant's residence shall be approved

24  by the Probation Officer, and any change in residence must be pre-

25  approved by the Probation Officer.  Defendant shall submit the

26  address of the proposed residence to the Probation Officer at least

27  ten days prior to any scheduled move.

28           xii. Defendant shall submit defendant's person, and

any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

xiii.   Defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers ("ISPs") that have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to defendant's first use.  Computers and computer-related devices include personal computers, personal data assistants ("PDAs"), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

xiv. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure.  This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

xv.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Subject to defendant's ability to pay as determined by the Probation Officer, defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

3.    Defendant further agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.  Defendant thus agrees to:

a.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

b.    Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

c.    Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

<u>THE USAO'S OBLIGATIONS</u>

4.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant

demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSE</u>

5.    Defendant understands that for defendant to be guilty of the crime charged in the indictment, that is, possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2), the following must be true: (i) defendant knowingly possessed matters that defendant knew contained visual depictions of a minor engaged in sexually explicit conduct; (ii) defendant knew the visual depiction contained in the matters showed a minor engaged in sexually explicit conduct; (iii) defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and (iv) each visual depiction had been (a) mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate commerce, or (b) produced using any means or facility of interstate or foreign commerce or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

6.    Defendant understands that for defendant to be subject to the statutory maximum sentence set forth below, the government must prove beyond a reasonable doubt that at least one visual depiction possessed by defendant involved a prepubescent minor, or a minor who had not attained 12 years of age, engaged in sexually explicit conduct.  Defendant admits that defendant, in fact, possessed images and videos that depicted prepubescent minors, or minors who had not

1  attained 12 years of age, engaged in sexually explicit conduct.

2  <u>PENALTIES AND RESTITUTION</u>

3      7.  Defendant understands that the statutory maximum sentence

4  that the Court can impose for a violation of Title 18, United States

5  Code, Sections 2252A(a)(5)(B) and (b)(2), is: 20 years' imprisonment;

6  a lifetime period of supervised release; a fine of $250,000 or twice

7  the gross gain or gross loss resulting from the offense, whichever is

8  greatest; and a mandatory special assessment of $100.

9      8.  Defendant understands that the statutory mandatory minimum

10  sentence that the Court must impose for a violation of Title 18,

11  United States Code, Sections 2252A(a)(5)(B) and (b)(2) is: a five-

12  year period of supervised release and a mandatory special assessment

13  of $100.

14      9.  Defendant understands that, pursuant to the Justice for

15  Victims of Trafficking Act of 2015, the Court shall impose an

16  additional $5,000 special assessment if the Court concludes that

17  defendant is a non-indigent person, to be paid after defendant's

18  other financial obligations have been satisfied.

19      10.  Defendant understands that, pursuant to 18 U.S.C. § 2259A,

20  the Court may impose an additional special assessment of up to

21  $17,000.

22      11.  Defendant understands that defendant will be required to

23  pay full restitution to the victim(s) of the offense to which

24  defendant is pleading guilty.  Defendant agrees that, in return for

25  the USAO's compliance with its obligations under this agreement, the

26  Court may order restitution to persons other than the victim(s) of

27  the offense to which defendant is pleading guilty.  In particular,

28  defendant agrees that the Court may order restitution to any victim

of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

12.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13.  Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

14.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm,

the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

15. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

1

FACTUAL BASIS

2    16.  Defendant admits that defendant is, in fact, guilty of the

3  offense to which defendant is agreeing to plead guilty.  Defendant

4  and the USAO agree to the statement of facts provided below and agree

5  that this statement of facts is sufficient to support a plea of

6  guilty to the charge described in this agreement and to establish the

7  Sentencing Guidelines factors set forth in paragraph 18 below but is

8  not meant to be a complete recitation of all facts relevant to the

9  underlying criminal conduct or all facts known to either party that

10  relate to that conduct.

11    Beginning at least as early as February 2020, while employed as

12  a teacher at Beckman High School in Irvine, California, defendant

13  began secretly installing hidden cameras in restrooms located at the

14  high school.  After installing the cameras, defendant regularly

15  reviewed the videos captured by the cameras and downloaded the videos

16  that were of interest to him.  In addition, in or around May of 2022,

17  while serving as the high school robotics team coach, defendant

18  placed a hidden camera in the restroom of a hotel room where minor

19  students on the robotics team were staying during a robotics

20  tournament in Texas.  Between 2020 and 2023, defendant viewed and

21  downloaded hundreds of images of children and adults, in various

22  states of undress, using restrooms.

23    On February 27, 2023, after the cameras were discovered, several

24  digital devices were seized from defendant's home in Orange County,

25  California.  All of the digital devices belonged to defendant, and

26  defendant was the sole user of the digital devices.  Officers also

27  seized two external storage drives from the cameras that defendant

28  had secretly installed at Beckman High School.  Those storage drives

belonged to defendant, and defendant was the sole user of the storage drives.

A forensic review of the various digital devices identified dozens of images and videos of child pornography, including images and videos that defendant had recorded himself of children using restrooms in various states of undress.

In particular, the 128-GB storage drive taken from a camera defendant installed at Beckman High School contained at least 13 videos of child pornography, depicting seven identified victims, all of whom were under 18 at the time the videos were taken, and at least three of whom were under 12 years old at the time the videos were taken: E.L, M.M., L.W., L.R., A.W., E.G., and D.W.

The 64-GB storage drive taken from another camera defendant installed at Beckman High School contained at least seven videos of child pornography, depicting six identified victims, all of whom were under 18 at the time the videos were taken, and at least one of whom was under 12 years old at the time the videos were taken: S.T., L.R., B.F., H.G., D.W., and A.S.

Defendant's main computer tower, seized from his residence on February 27, 2023, contained at least 10 images of child pornography, depicting three identified victims using the bathroom in the Dallas hotel room: A.K., E.T., and M.C.  All three identified victims were under 18 at the time the images were captured.

A Seagate external hard drive, with serial number NA8H4764, seized from defendant's residence contained at least 22 images and one video of child pornography, including the three images listed in the information: "123 (3).jpg," "123 (4).jpg," and "123 (6).jpg." Each of the three images listed in the information depicts a toddler

engaged in sexual conduct.

A separate hard drive seized from defendant's residence contained at least 150 images and four videos of child pornography.

Defendant admits and agrees that he knew the images and videos that he possessed contained visual depictions of minors engaging in sexually explicit conduct, that he knew each visual depiction contained in the images and videos showed minors engaged in sexually explicit conduct, and that he knew that production of such visual depictions involved use of minors engaged in sexually explicit conduct. Defendant admits and agrees that he knew at least three of the images and videos that he possessed depicted a prepubescent minor and minor who had not attained 12 years of age engaging in sexual conduct.

Defendant admits and agrees that the children depicted in the child pornography images and videos are real children, and defendant downloaded the images and videos of child pornography using the Internet, which is a means and facility of interstate and foreign commerce, using a computer.

<u>SENTENCING FACTORS</u>

17. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

18.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | [U.S.S.G. § 2G2.1(a)] |
| Minors Under 16: | +2 | [U.S.S.G. § 2G2.1(b)(1)] |
| Supervisory Control: | +2 | [U.S.S.G. § 2G2.1(b)(5)] |
| >5 Victims: | +5 | [U.S.S.G. §§ 2G2.1(d); 3D1.4] |
| Acceptance of Responsibility: | -3 | [U.S.S.G. § 3E1.1] |
| Total Offense Level: | **38** | |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 4(c) are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as discussed below. Subject to paragraph 31 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of

U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

19. Pursuant to U.S.S.G. §§ 1B1.2(a) and (c), the parties stipulate that defendant committed a separate violation of 18 U.S.C. § 2251(a) (production of child pornography), in that, between February 2020 and February 2023, defendant employed and used various minors under the age of 18 years, including S.T., L.R., B.F., H.G., D.W., A.S., A.K., E.T., and M.C., to take part in sexually explicit conduct for the purposes of producing visual depictions of such conduct, using materials that had been shipped, transported, or transported across state lines or in foreign commerce to produce and/or transmit those visual depictions. The parties stipulate that defendant's production of child pornography constitutes a more serious offense than the offense of conviction for purposes of calculating the applicable Sentencing Guidelines level. Accordingly, pursuant to U.S.S.G. §§ 2D1.1(a)(2), 1B1.2(a), and 1B1.2(c), the parties stipulate that the Court should calculate the Sentencing Guidelines as if defendant had been convicted of the offense described in this paragraph and apply a base offense level of 32 and the various adjustments set forth in paragraph 18. The parties further stipulate that the application of this base offense level, which is greater than the base offense level that would otherwise apply, is independently supported by U.S.S.G. § 5K2.1. Defendant will not recommend, argue, or otherwise suggest that the Court impose a base offense level other than 32.

16

20.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

21.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

22.   Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.   The right to persist in a plea of not guilty.

      b.   The right to a speedy and public trial by jury.

      c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.   The right to confront and cross-examine witnesses against defendant.

      f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

17

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF RETURN OF DIGITAL DATA

23.    Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

24.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

25.    Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 210 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the

statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

26.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 120 months, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

27.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

28.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

1

BREACH OF AGREEMENT

2   29.  Defendant agrees that if defendant, at any time after the

3   signature of this agreement and execution of all required

4   certifications by defendant, defendant's counsel, and an Assistant

5   United States Attorney, knowingly violates or fails to perform any of

6   defendant's obligations under this agreement ("a breach"), the USAO

7   may declare this agreement breached.  All of defendant's obligations

8   are material, a single breach of this agreement is sufficient for the

9   USAO to declare a breach, and defendant shall not be deemed to have

10  cured a breach without the express agreement of the USAO in writing.

11  If the USAO declares this agreement breached, and the Court finds

12  such a breach to have occurred, then: (a) if defendant has previously

13  entered a guilty plea pursuant to this agreement, defendant will not

14  be able to withdraw the guilty plea, and (b) the USAO will be

15  relieved of all its obligations under this agreement.

16  COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

17  OFFICE NOT PARTIES

18  30.  Defendant understands that the Court and the United States

19  Probation and Pretrial Services Office are not parties to this

20  agreement and need not accept any of the USAO's sentencing

21  recommendations or the parties' agreements to facts or sentencing

22  factors.

23  31.  Defendant understands that both defendant and the USAO are

24  free to: (a) supplement the facts by supplying relevant information

25  to the United States Probation and Pretrial Services Office and the

26  Court, (b) correct any and all factual misstatements relating to the

27  Court's Sentencing Guidelines calculations and determination of

28  sentence, and (c) argue on appeal and collateral review that the

20

Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 18 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

33. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

34. The parties agree that this agreement will be considered

1  part of the record of defendant's guilty plea hearing as if the
2  entire agreement had been read into the record of the proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
5  CALIFORNIA

6  E. MARTIN ESTRADA
   United States Attorney

7

8  _____          2/5/2024
                                             _____
9  MELISSA S. RABBANI                        Date
   Assistant United States Attorney

10                                           01/22/24
                                             _____
11 SIU KONG SIT                              Date
   Defendant

12                                           1-22-24
                                             _____
13 R. DARREN CORNFORTH                       Date
   Attorney for Defendant SIU KONG SIT

14

15              CERTIFICATION OF DEFENDANT

16      I have read this agreement in its entirety.  I have had enough
17 time to review and consider this agreement, and I have carefully and
18 thoroughly discussed every part of it with my attorney.  I understand
19 the terms of this agreement, and I voluntarily agree to those terms.
20 I have discussed the evidence with my attorney, and my attorney has
21 advised me of my rights, of possible pretrial motions that might be
22 filed, of possible defenses that might be asserted either prior to or
23 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
24 of relevant Sentencing Guidelines provisions, and of the consequences
25 of entering into this agreement.  No promises, inducements, or
26 representations of any kind have been made to me other than those
27 contained in this agreement.  No one has threatened or forced me in
28 any way to enter into this agreement.  I am satisfied with the

                              22

representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          01/22/24
SIU KONG SIT                              Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Siu Kong Sit's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          1-22-24
R. DARREN CORNFORTH                       Date
Attorney for Defendant SIU KONG SIT

23

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11  UNITED STATES OF AMERICA,          No.

12            Plaintiff,               I N F O R M A T I O N

13            v.                       [18 U.S.C. §§ 2252A(a)(5)(B),
                                       (b)(2): Possession of Child
14  SIU KONG SIT,                      Pornography]

15            Defendant.

16

17       The United States Attorney charges:

18                 [18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

19        On or about February 27, 2023, in Orange County, within the

20  Central District of California, defendant SIU KONG SIT knowingly

21  possessed a Seagate hard drive, with serial number NA8H4764, that

22  contained at least three images and videos of child pornography, as

23  defined in Title 18, United States Code, Section 2256(8)(A), at least

24  three of which images and videos involved prepubescent minors and

25  minors who had not attained 12 years of age, that had been

26  transported using any means and facility of interstate and foreign

27  commerce and in and affecting interstate and foreign commerce by any

28  means, including by computer, knowing that the images and videos were

                                                        EXHIBIT A
                                                          1 of 2

1  child pornography.

2      The child pornography that defendant SIT knowingly possessed

3  included the following:

4      1.   An image titled "123 (3).jpg;"

5      2.   An image titled "123 (4).jpg;" and

6      3.   An image titled "123 (6).jpg."

9                                    E. MARTIN ESTRADA
                                     United States Attorney

12                                   MACK E. JENKINS
                                     Assistant United States Attorney
13                                   Chief, Criminal Division

14                                   BENJAMIN R. BARRON
                                     Assistant United States Attorney
15                                   Chief, Santa Ana Branch Office

16                                   BRADLEY E. MARRETT
                                     Assistant United States Attorney
17                                   Deputy Chief, Santa Ana Branch
                                     Office

18
                                     MELISSA S. RABBANI
19                                   Assistant United States Attorney
                                     Santa Ana Branch Office

2

EXHIBIT A
2 of 2